SEND NOJS-6

Sandra J. Harris, Esq.    State Bar No. 134153
Joel T. Kornfeld, Esq.    State Bar No. 115945
Andrew G. Petillon, Esq.  State Bar No. 132652
David M. Rosen, Esq.      State Bar No. 150880

Attorneys for Plaintiff
Valerie M. Caproni, Regional Director
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
CLERK, U.S. DISTRICT COURT
APR 14 2000
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
APR 17 2000
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

　　　　　Plaintiff,

　　　　　v.

RAFI M. KHAN and
TIMOTHY J. TYRRELL,

　　　　　Defendants.

Civil Action
No. 98-6143 MMM (SHx)

**FINAL JUDGEMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST RAFI M. KHAN**

Plaintiff Securities and Exchange Commission ("Commission") having filed and served upon Defendant Rafi M. Khan ("Khan") a Complaint and Summons in this matter, and said Defendant: having admitted service upon him of the Summons and Complaint in this matter, and the jurisdiction of this Court over him and over the subject matter of this action; having entered a general appearance; having been fully advised and informed of his right to a judicial determination of this matter; having waived the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; and having

1

APR 17 2000

22

consented to the entry of this Final Judgment Of Permanent Injunction And Other Relief Against Rafi M. Khan ("Final Judgment"), without admitting or denying any of the allegations in the Complaint except as set forth in the Consent Of Defendant Khan To Entry Of Final Judgment Of Permanent Injunction And Other Relief; it appearing that no notice of hearing upon the entry of this Final Judgment being necessary; and the Court being fully advised in the premises:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Khan and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933

2

(Securities Act) [15 U.S.C. § 77q(a)].

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Khan and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme, or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security;

in violation of Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Khan's gains resulting from the violations alleged in the Complaint are in the amount of $552,500, together with prejudgment interest

3

1  thereon, but that based upon Khan's sworn representations in his
2  Statements of Financial Condition dated September 7, 1999, and
3  submitted to the Commission, the Court is not ordering him to
4  disgorge any monies.  The determination to waive all disgorgement
5  and prejudgment interest thereon is contingent upon the accuracy
6  and completeness of Khan's Statements of Financial Condition
7  executed under penalty of perjury.
8                                  IV.
9     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that based upon
10 Khan's sworn representations in his Statements of Financial
11 Condition dated September 7, 1999, and submitted to the
12 Commission, the Court is not ordering him to pay a civil penalty
13 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §
14 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C.
15 §78u(d)(3)].  The determination not to impose any civil penalty
16 and to waive all disgorgement and prejudgment interest thereon is
17 contingent upon the accuracy and completeness of Khan's
18 Statements of Financial Condition executed under penalty of
19 perjury.  If at any time following the entry of this Final
20 Judgment the Commission obtains information indicating that
21 Khan's representations to the Commission concerning his assets,
22 income, liabilities, or net worth were fraudulent, misleading,
23 inaccurate or incomplete in any material respect as of the time
24 such representations were made, the Commission may, at its sole
25 discretion and without prior notice to Khan, petition this Court
26 for an order requiring Khan to pay disgorgement of $552.500, plus
27 prejudgment interest, and a civil penalty.  In connection with
28 any such petition, the only issue shall be whether the financial

information provided by Khan was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations are made, and the amount of prejudgment interest and civil penalty to be imposed. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Khan to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgement, and the Commission may also request additional discovery. Khan may not, by way of defense to such petition, challenge the validity of the Consent or the Final Judgment, contest the allegations in the Complaint filed by the Commission or assert that the payment of the specified disgorgement, plus prejudgment interest, and/or a civil penalty should not be ordered.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of the Consent filed concurrently with this Final Judgment are incorporated herein with the same force and effect as if fully set forth herein and that Khan shall comply with his Consent.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for the purposes of determining the liability of any remaining defendants in this action, implementing and carrying out the terms of this Final Judgment and all other orders and decrees which may be entered herein and granting such other relief as the Court may deem necessary and just.

1     There being no just reason for delay, the Clerk of the Court
2 is hereby directed, pursuant to Rule 54(b) of the Federal Rules
3 of Civil Procedure, to enter this Final Judgment forthwith.

DATED: 4-14-00

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

<u>PROOF OF SERVICE BY MAIL</u>

I, Magnolia M. Marcelo, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years and not a party to the within action. My business address is 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. I am readily familiar with the practice at my place of business for the collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

On April 10, 2000, I served the following document entitled **FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST RAFI M. KHAN** by placing a true and correct copies in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Mir Saied Kashani, Esq.<br>Foley & Lardner<br>2029 Century Park East<br>35th Floor<br>Los Angeles, CA 90067 | Attorney for Defendant<br>RAFI M. KHAN |
| Thomas L. Taylor, Esq.<br>Morgan Lewis & Bockius<br>300 South Grand Avenue<br>Suite 2200<br>Los Angeles, CA 90071-3132 | Attorney for Defendant<br>TIMOTHY J. TYRRELL |

and by sealing the envelope and placing it in the appropriate location at my place of business for collection and mailing with postage fully prepaid in accordance with ordinary business practice.

*

*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 10, 2000, at Los Angeles, California.

Magnolia M. Marcelo
Print or Type Name

*/s/ Magnolia M. Marcelo*
Signature