SEND NOJS-6

1  Sandra J. Harris, Esq.     State Bar No. 134153
   Joel T. Kornfeld, Esq.     State Bar No. 115945
2  Andrew G. Petillon, Esq.   State Bar No. 132652
   David M. Rosen, Esq.       State Bar No. 150880
3
   Attorneys for Plaintiff
4  Valerie M. Caproni, Regional Director
   Securities and Exchange Commission
5  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
6  Telephone:  (323) 965-3998
   Facsimile:  (323) 965-3908



7

8                   UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

11

12  SECURITIES AND EXCHANGE COMMISSION, :  Civil Action
                                         :  No. 98-6143 MMM (SHx)
13                        Plaintiff,     :
                                         :
14             v.                        :
                                         :  **FINAL JUDGEMENT OF**
15  RAFI M. KHAN and                     :  **PERMANENT INJUNCTION AND**
    TIMOTHY J. TYRRELL,                  :  **OTHER RELIEF AGAINST**
16                                       :  **RAFI M. KHAN**
                         Defendants.     :
17  _____  :

18

19       Plaintiff Securities and Exchange Commission ("Commission")

20  having filed and served upon Defendant Rafi M. Khan ("Khan") a

21  Complaint and Summons in this matter, and said Defendant:  having

22  admitted service upon him of the Summons and Complaint in this

23  matter, and the jurisdiction of this Court over him and over the

24  subject matter of this action; having entered a general

25  appearance; having been fully advised and informed of his right

26  judicial determination of this matter; having waived the

27  entry of findings of fact and conclusions of law as provided by

28  Rule 52 of the Federal Rules of Civil Procedure; and having

1

22

1   consented to the entry of this Final Judgment Of Permanent

2   Injunction And Other Relief Against Rafi M. Khan ("Final

3   Judgment"), without admitting or denying any of the allegations

4   in the Complaint except as set forth in the Consent Of Defendant

5   Khan To Entry Of Final Judgment Of Permanent Injunction And Other

6   Relief; it appearing that no notice of hearing upon the entry of

7   this Final Judgment being necessary; and the Court being fully

8   advised in the premises:

9                            I.

10      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant

11   Khan and his agents, servants, employees and attorneys, and all

12   persons in active concert or participation with any of them, who

13   receive actual notice of this Final Judgment by personal service

14   or otherwise, and each of them, are permanently restrained and

15   enjoined from, directly or indirectly, in the offer or sale of

16   the securities of any issuer, by the use of any means or

17   instruments of transportation or communication in interstate

18   commerce or by the use of the mails:

19      A.    employing any device, scheme or artifice to defraud;

20      B.    obtaining money or property by means of any untrue

21           statement of a material fact or any omission to state a

22           material fact necessary in order to make the statements

23           made, in the light of the circumstances under which

24           they were made, not misleading; or

25      C.    engaging in any transaction, practice, or course of

26           business which operates or would operate as a fraud

27           or deceit upon the purchaser;

28   in violation of Section 17(a) of the Securities Act of 1933

1 (Securities Act) [15 U.S.C. § 77q(a)].

2                                    II.

3      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant

4 Khan and his agents, servants, employees and attorneys, and all

5 persons in active concert or participation with any of them, who

6 receive actual notice of this Final Judgment by personal service

7 or otherwise, and each of them, are permanently restrained and

8 enjoined from, directly or indirectly, in connection with the

9 purchase or sale of the securities of any issuer, by the use of

10 any means or instrumentality of interstate commerce, or of the

11 mails, or of any facility of any national securities exchange:

12      A.   employing any device, scheme, or artifice to defraud;

13      B.   making any untrue statement of a material fact or

14           omitting to state a material fact necessary in order

15           to make the statements made, in the light of the

16           circumstances under which they were made, not

17           misleading; or

18      C.   engaging in any act, practice, or course of business

19           which operates or would operate as a fraud or deceit

20           upon any person, in connection with the purchase or

21           sale of any security;

22 in violation of Section 10(b) of the Securities Exchange Act of

23 1934 (Exchange Act) [15 U.S.C. § 78j(b)] and Rule 10b-5

24 thereunder [17 C.F.R. § 240.10b-5].

25                                   III.

26      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Khan's

27 gains resulting from the violations alleged in the Complaint are

28 in the amount of $552,500, together with prejudgment interest

                                     3

1 | thereon, but that based upon Khan's sworn representations in his

2 | Statements of Financial Condition dated September 7, 1999, and

3 | submitted to the Commission, the Court is not ordering him to

4 | disgorge any monies.  The determination to waive all disgorgement

5 | and prejudgment interest thereon is contingent upon the accuracy

6 | and completeness of Khan's Statements of Financial Condition

7 | executed under penalty of perjury.

8 | IV.

9 | IT IS FURTHER ORDERED, ADJUDGED AND DECREED that based upon

10 | Khan's sworn representations in his Statements of Financial

11 | Condition dated September 7, 1999, and submitted to the

12 | Commission, the Court is not ordering him to pay a civil penalty

13 | pursuant to Section 20(d) of the Securities Act [15 U.S.C. §

14 | 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C.

15 | §78u(d)(3)].  The determination not to impose any civil penalty

16 | and to waive all disgorgement and prejudgment interest thereon is

17 | contingent upon the accuracy and completeness of Khan's

18 | Statements of Financial Condition executed under penalty of

19 | perjury.  If at any time following the entry of this Final

20 | Judgment the Commission obtains information indicating that

21 | Khan's representations to the Commission concerning his assets,

22 | income, liabilities, or net worth were fraudulent, misleading,

23 | inaccurate or incomplete in any material respect as of the time

24 | such representations were made, the Commission may, at its sole

25 | discretion and without prior notice to Khan, petition this Court

26 | for an order requiring Khan to pay disgorgement of $552.500, plus

27 | prejudgment interest, and a civil penalty.  In connection with

28 | any such petition, the only issue shall be whether the financial

4

1  information provided by Khan was fraudulent, misleading,

2  inaccurate or incomplete in any material respect as of the time

3  such representations are made, and the amount of prejudgment

4  interest and civil penalty to be imposed.  In its petition, the

5  Commission may move this Court to consider all available

6  remedies, including, but not limited to, ordering Khan to pay

7  funds or assets, directing the forfeiture of any assets, or

8  sanctions for contempt of this Final Judgement, and the

9  Commission may also request additional discovery.  Khan may not,

10 by way of defense to such petition, challenge the validity of the

11 Consent or the Final Judgment, contest the allegations in the

12 Complaint filed by the Commission or assert that the payment of

13 the specified disgorgement, plus prejudgment interest, and/or a

14 civil penalty should not be ordered.

15                              V.

16     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

17 provisions of the Consent filed concurrently with this Final

18 Judgment are incorporated herein with the same force and effect

19 as if fully set forth herein and that Khan shall comply with his

20 Consent.

21                             VI.

22     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court

23 shall retain jurisdiction over this action for the purposes of

24 determining the liability of any remaining defendants in this

25 action, implementing and carrying out the terms of this Final

26 Judgment and all other orders and decrees which may be entered

27 herein and granting such other relief as the Court may deem

28 necessary and just.

5

1      There being no just reason for delay, the Clerk of the Court

2  is hereby directed, pursuant to Rule 54(b) of the Federal Rules

3  of Civil Procedure, to enter this Final Judgment forthwith.

4

5  DATED:  *4-14-00*

                                          *Margaret M. Morrow*

6                              MARGARET M. MORROW
                                 UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>PROOF OF SERVICE BY MAIL</u>

2         I, Magnolia M. Marcelo, declare that I am, and was at the time

3    of service of the papers herein referred to, over the age of

4    eighteen (18) years and not a party to the within action.  My

5    business address is 5670 Wilshire Boulevard, 11th Floor, Los

6    Angeles, California 90036.  I am readily familiar with the practice

7    at my place of business for the collection and processing of

8    correspondence for mailing with the United States Postal Service.

9    Such correspondence is deposited with the United States Postal

10   Service on the same day in the ordinary course of business.

11        On April 10, 2000, I served the following document entitled

12   **FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST RAFI**

13   **M. KHAN** by placing a true and correct copies in a separate envelope

14   for each addressee named below, with the name and address of the

15   person served shown on the envelope as follows:

16

17   Mir Saied Kashani, Esq.            Attorney for Defendant
     Foley & Lardner                    RAFI M. KHAN
     2029 Century Park East
18   35th Floor
     Los Angeles, CA 90067
19

20   Thomas L. Taylor, Esq.             Attorney for Defendant
     Morgan Lewis & Bockius             TIMOTHY J. TYRRELL
21   300 South Grand Avenue
     Suite 2200
22   Los Angeles, CA 90071-3132

23

24   and by sealing the envelope and placing it in the appropriate

25   location at my place of business for collection and mailing with

26   postage fully prepaid in accordance with ordinary business practice.

27   *

28   *

1     I declare under penalty of perjury under the laws of the United

2 States of America that the foregoing is true and correct and that I

3 am employed in the office of a member of the bar of this Court at

4 whose direction the service was made.

5     Executed on April 10, 2000, at Los Angeles, California.

6

7 Magnolia M. Marcelo                      *Magnolia M. Marcelo*

   Print or Type Name                      Signature

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28